■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANGEL MATEO, Respondent. [672 NYS2d 594] —Order unanimously

affirmed. Memorandum: We conclude that County Court properly dismissed counts 11 and 12 of the indictment charging defendant with murder in the first degree (Penal Law § 125.27 [1] [a] [xi]). That section provides in part that a defendant may be charged with murder in the first degree when, "[w]ith intent to cause the death of another person, he causes the death of such person or of a third person; and * * * the defendant intentionally caused the death of two or more additional persons within the state in separate criminal transactions within a period of twenty-four months when committed in a similar fashion or pursuant to a common scheme or plan". In dismissing those counts, the court concluded that the People's evidence before the Grand Jury was insufficient to establish that the murders were committed "in a similar fashion". In reaching that conclusion, the court interpreted "in a similar fashion" to mean serial killings, i.e., unique, ritualistic or signature-like slayings. The People contend that the court should have given the phrase "in a similar fashion" its plain meaning and thus should have concluded that the evidence was legally sufficient.

Even affording the phrase "in a similar fashion" its plain meaning, we conclude that the evidence before the Grand Jury was legally insufficient. The record establishes that defendant's motive and method in each of the four murders were different and that the circumstances surrounding each of the murders were different. Because the murders did not adequately resemble each other with respect to motive, method and surrounding circumstances, they were not committed "in a similar fashion". In view of our determination, it is unnecessary to review the propriety of the court's conclusion that Penal Law § 125.27 (1) (a) (xi) applies only to serial killings. In addition, because defendant does not argue before us that the phrase "in a similar fashion" is unconstitutionally vague, we do not address that issue. (Appeal from Order of Monroe County Court, Connell, J.—Dismiss Counts of Indictment.) Present—Lawton, J. P., Hayes, Boehm and Fallon, JJ. [See, 175 Misc 2d 192.]